**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                      :
MOHAMED F. EL-HEWIE,                  :   CIVIL ACTION NO. 10-4847 (MLC)
                                      :
      Plaintiff,                      :      O P I N I O N
                                      :
      v.                              :
                                      :
STATE OF NEW JERSEY,                  :
                                      :
      Defendant.                      :
_____:
```

**TWO ACTIONS** brought by the plaintiff pro se in the District of New Jersey concerning the non-renewal of his provisional contract as a teacher, El-Hewie v. Bergen County, No. 08-1760 ("First Action") and El-Hewie v. Corzine, No. 09-927 ("Second Action"), have been resolved. See El-Hewie v. Governor of State of N.J., 396 Fed.Appx. 847 (3d Cir. 2010) (concerning Second Action); El-Hewie v. Bergen Cnty., 392 Fed.Appx. 37 (3d Cir. 2010) (concerning First Action); El-Hewie v. Bergen Cnty., 348 Fed.Appx. 790 (3d Cir. 2009), cert. denied, 130 S.Ct. 1077 (2010) (concerning First Action); El-Hewie v. Corzine, No. 09-927, 2009 WL 1810513 (D.N.J. June 24, 2009) (concerning Second Action). The Court also notes that a related state proceeding has been resolved. See El-Hewie v. Bd. of Educ., No. A-6310-07T3, 2009 WL 4981212 (N.J. App. Div. Dec. 24, 2009), cert. denied, 201 N.J. 497 (2010), cert. denied, 131 S.Ct. 298 (2010). Familiarity with the allegations and the results in the First Action and the Second Action is assumed.

**THE PLAINTIFF** now brings this action ("Third Action") concerning subject matter from, and seeking the same relief sought in, the First Action and the Second Action. (Dkt. entry no. 1, Compl.) All of the defendants named in the Third Action either were named in the First Action or the Second Action, or are in privity with those so named.[1] The defendants now seek to dismiss the Complaint, inter alia, under the doctrine of res judicata. (See dkt. entry no. 5, Defs. Br.; dkt. entry no. 6, 10-4-10 Defs. Letter; dkt. entry no. 7, 10-27-10 Defs. Letter.) The plaintiff opposes dismissal. (See dkt. entry no. 8.)

**THE COURT** will dismiss the Complaint in its entirety. See Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (stating courts should not entertain claims otherwise within their jurisdiction if claims are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion).

**FOR REASONS PREVIOUSLY STATED**, the Complaint in the Third Action is barred by the Full Faith and Credit Act, 28 U.S.C. §

---

[1] The only new defendant appears to be defendant Henry J. Amoroso, who is identified as an attorney for a particular defendant Board of Education ("Board of Education"). (Compl. at 1, 18-19.) However, (1) two other defendants — Bradley M. Wilson and William C. Soukas — are also identified as attorneys for the same Board of Education, and work for the same law firm as Amoroso, and (2) the plaintiff accuses Amoroso of conspiring with the Board of Education and defendant Robert Aloia against him. (Id. at 18-21.) Amoroso, based on the plaintiff's own allegations, is in privity with these defendants.

1738, insofar as the Third Action concerns determinations in state proceedings.  El-Hewie v. Bergen Cnty., 392 Fed.Appx. at 38-39.

**FOR REASONS PREVIOUSLY STATED**, the Complaint in the Third Action is barred because the plaintiff seeks relief from an order issued by the district court judge in the First Action, and is proceeding improperly.  See El-Hewie v. Corzine, 2009 WL 1810513, at *2; see also Fed.R.Civ.P. 60; O'Dell v. U.S. Gov't, 256 Fed.Appx. 444, 445 (3d Cir. 2007) (stating it is "obviously improper" for plaintiff to attempt to appeal an action to the same district court that originally dismissed the action); Olaniyi v. Alexa Cab Co., 239 Fed.Appx. 698, 699 (3d Cir. 2007) (noting plaintiff may not bring new action before different district court judge to challenge district court decision).

**THE COMPLAINT** in the Third Action is also barred because the Third Circuit Court of Appeals has released decisions in the First Action and the Second Action on the same issues, and the United States Supreme Court has denied the plaintiff's petition for certiorari therein.  See Boyd v. Wachovia Bank N.A., 266 Fed.Appx. 110, 110 (3d Cir. 2008) (stating district court cannot act as appellate court to review decision by United States Supreme Court); Chatman v. Allegheny Cnty., 278 Fed.Appx. 163, 163 (3d Cir. 2008) (dismissing appeal in second action where plaintiff sought to revive claims from first action, where

district court dismissed, Court of Appeals affirmed, and United States Supreme Court denied certiorari).

**FOR REASONS PREVIOUSLY STATED**, the Complaint in the Third Action is barred by the Rooker-Feldman doctrine because the plaintiff once again challenges determinations made in state proceedings.  See El-Hewie v. Corzine, 2009 WL 1810513, at *3; see also D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 414-16 (1923). Also, the Third Action is barred by res judicata based on the determinations issued in the First Action, the Second Action, and the related state proceedings.  See El-Hewie v. Corzine, 2009 WL 1810513, at *3.

**CERTAIN DEFENDANTS** also move for the imposition of sanctions against the plaintiff.  (Dkt. entry no. 9.)  But the plaintiff, who is pro se, is entitled to some measure of forbearance.  The motion for the imposition of sanctions will be denied.

**THE COURT** will dismiss the Complaint for the aforementioned reasons.  The Court will issue an appropriate order and judgment.

                                  s/ Mary L. Cooper
                                  **MARY L. COOPER**
                                  United States District Judge

Dated:    May 19, 2011